(Reap. Dec. 10980)

NEW YORK MERCHANDISE CO., INC. v. UNITED STATES

Entry No. CE 1909, etc.

(Decided May 13, 1965)

Stein & Shostak for the plaintiff.
John W. Douglas, Assistant Attorney General, for the defendant.

NICHOLS, Judge: The appeals for reappraisement listed in the schedule, attached hereto and made a part hereof, are before me on the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court:

1. That as to the merchandise marked "V" and initialed FP by Frank L. Pierce on the invoices accompanying the entries covered by the appeals for reappraisement enumerated in the attached Schedule of Cases, which is incorporated herein, the market values and the prices at which such or similar merchandise was freely offered for sale or sold for exportation to the United States, on the dates of exportation thereof to the United States, to all purchasers in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade, such prices including the cost of all containers

and coverings of whatever nature and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the ex factory invoiced unit values, net packed.

2. That as to any of the merchandise covered by this stipulation which is included in the Final List of articles designated by the Secretary of the Treasury in T.D. 54521, 93 Treas. Dec. 14, issued January 20, 1958, pursuant to Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, there were no higher foreign values for such or similar merchandise on the dates of exportation involved herein.

3. That the footwear covered by the entries, the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases, is unlike any footwear manufactured or produced in the United States.

4. That the appeals for reappraisement enumerated in the attached Schedule of Cases may be deemed submitted for decision on the foregoing stipulation, which is limited to the merchandise and the issues described hereinabove, and abandoned in all other respects.

On the agreed facts, I find and hold that export value, as that value is defined in section 402(b) or 402a(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for determination of the value of the merchandise represented by the items marked with the letter "V" and the initials of the examiner on the invoices accompanying the entries covered by these appeals and that such value is represented by the ex-factory invoiced unit values, net, packed.

Judgment will be rendered accordingly.